**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WEST, | |
| Petitioner, | Civil Action No. 15-7100 (CCC) |
| v. | **MEMORANDUM OPINION** |
| ADAM NELSON SUBERVI, | |
| Respondent. | |

**CECCHI, District Judge.**

This matter comes before the Court on the September 25, 2015 Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Michael West ("Petitioner"), a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey. (ECF No. 1.) Petitioner is challenging a federal criminal conviction and sentence imposed by this Court in *United States v. West*, No. 12-cr-0332 (D.N.J. filed Oct. 21, 2010). (*Id.* at 9.) On August 29, 2013, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, challenging that exact same conviction and sentence. *See West v. United States*, No. 13-cv-5339 (D.N.J. filed Aug. 29, 2013). On February 26, 2014, Petitioner filed a second § 2255 motion, which the Court dismissed as duplicative on July 18, 2014. *West v. United States*, No. 14-cv-1382 (D.N.J. filed Feb. 26, 2014). As such, this is the third habeas challenge filed by Petitioner.

"An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Bodnar v. Warden Fort Dix FCI*, 622 Fed. App'x 111, 112 (3d Cir. 2015) ("A habeas petition raising . . . a challenge [against a prisoner's

1

conviction or sentence] under § 2241 may not be entertained unless a § 2255 motion would be 'inadequate or ineffective' to test the legality of the petitioner's detention."). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." *Bodnar*, 622 Fed. App'x at 112 (quoting *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). A § 2255 motion is "inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Id.* (quoting *Cradle v. United States*, 290 F.3d 536, 538-39 (3d Cir. 2002)).

Because Petitioner has already filed two § 2255 motions, it would appear Petitioner understands his proper avenue for relief is a § 2255 motion. The Court's review of the active § 2255 proceeding (the one filed on August 29, 2013) does not suggest the motion is somehow inadequate or ineffective. Indeed, the government reviewed the motion and did not move to dismiss it on procedural or jurisdictional grounds, and has thus far shown an intention to adjudicate the motion on the merits. *See West*, No. 13-cv-5339, ECF No. 27. As such, Petitioner's claims in the instant Petition are not cognizable under § 2241, and must be dismissed. *See Bodnar*, 622 Fed. App'x at 112 (upholding the district court's dismissal of the petitioner's § 2241 petition because the petitioner had already filed a § 2255 motion).[1] To the extent Petitioner is seeking to amend his August 29, 2013 § 2255 motion, Petitioner must move to do so in that proceeding.

Date: January 29, 2016

Claire C. Cecchi, U.S.D.J.

---

[1] As the Court is dismissing the Petition, Petitioner's application to expedite preliminary review, ECF No. 3, is also dismissed as moot.

2